UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.E., a minor, by and through his *Guardian Ad Litem*, Elijah Elizalde,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOMES CENTERS, LLC, et al.,<br><br>Defendants. | No. 2:22-cv-00654-DC-DMC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO REDACT/SEAL<br><br>(Doc. No. 55) |

On April 12, 2022, Defendant Lowe's Home Centers, LLC ("Lowe's") removed this personal injury action, which includes Plaintiff's complaint against Defendant Lowe's and Defendant Lowe's cross-complaint against Plaintiff, from the Butte County Superior Court to this federal court. (Doc. No. 1.) On September 22, 2023, Plaintiff filed the operative first amended complaint, in which Plaintiff names Defendant Quikrete California, LLC as well as Defendant Lowe's. (Doc. No. 34.) After several modifications to the scheduling order, the parties filed a notice of settlement of this case on September 12, 2024. (Doc. No. 46.) Therein, the parties stated "[a] formal settlement agreement will be circulated among the parties for review and execution. Once the settlement agreement is executed, and upon Court approval of the application for Minor's Compromise, a Stipulation of Dismissal of the entire action will be filed with this Court." (*Id.*)

1

1  Despite this representation, Plaintiff did not thereafter file an application for approval of
2  his minor's compromise *in this court*. Notwithstanding that this action was removed, a review of
3  the Butte County Superior Court's docket of this action (Case No. 21CV02652) reflects that
4  Plaintiff filed an application to seal the contents of his minor's compromise petition on October
5  17, 2024, which the superior court granted on November 20, 2024. Plaintiff then filed his petition
6  for approval of his minor's compromise on December 4, 2024 in the Butte County Superior
7  Court. On January 8, 2025, the superior court granted Plaintiff's motion, ordered disbursement of
8  the settlement proceeds in the manner provided by that order, including payment of attorneys'
9  fees and medical expenses.[1] On January 21, 2025, the Butte County Superior Court dismissed this
10 action with prejudice.

11  On February 18, 2025, the parties filed a stipulation to dismiss this action on this court's
12 docket. (Doc. No. 53.) The court did not give effect to that stipulation, however, because this
13 action involves a minor, the parties had not filed a motion for approval of the minor's
14 compromise *in this court*, and the parties did not provide any information regarding the Butte
15 County Superior Court proceedings summarized above as to any such approval. (Doc. No. 54.)

16  To address this deficiency, on February 27, 2025, Plaintiff filed the pending notice of a
17 request to seal/redact, specifically requesting that the court permit him to file: (i) a redacted
18 version of the motion for approval of his compromise that he filed conditionally under seal in the
19 Butte County Superior Court, and (ii) a redacted version of the Butte County Superior Court's
20 order granting that motion. (Doc. No. 55.) Plaintiff seeks to publicly file the redacted versions of
21 these documents and file under seal the unredacted versions, so that the parties may rely upon
22 these documents to support a renewed stipulation for dismissal.

23  In his request, Plaintiff specifies the portions of the documents that he seeks permission to
24 redact. As to the motion for approval of compromise, Plaintiff seeks to redact the following
25 pages:

---

[1] On January 27, 2025, the Butte County Superior Court issued an amended order approving Plaintiff's compromise, which was substantively the same as the tentative order issued on January 8, 2025.

|  |  |
|---|---|
| Page 1: | 1; 2(a-c) |
| Page 2: | 4(b-c); 5 |
| Page 3: | 10(a-c) |
| Page 4: | 12a(1-5); 12b(4)(c); 12b(5)(a(ii)) |
| Page 5: | 12b(5b)(i)-(ii)); 13(a-b) |
| Page 6: | 15; 16(a-f) |
| Page 8: | 18b(3) |
| Page 11 | |
| Pages 12–14: | Attachment 6 |
| Pages 15–271: | Attachment 7 |
| Pages 272–275: | Attachment 8c |
| Pages 276–278: | Attachment 12b4(a)-(c) |
| Pages 279–282: | Attachment 13a |
| Page 283: | Attachment 13b |
| Page 244: | Attachment 17a |
| Page 285: | Attachment 18b |

As to the Butte County Superior Court's order approving Plaintiff's compromise, Plaintiff seeks to redact the following pages:

|  |  |
|---|---|
| Page 1: | 2; 4 |
| Page 2: | 6; 8a(1-3(a-b)); 8a(5) |
| Page 3: | 8(b)(2) |
| Page 5: | Attachment 8b2 |

In his request to seal, Plaintiff asserts that compelling reasons exist to redact these portions of these documents because they discuss the amount of settlement and describe the structure of the settlement, and they "contain identifying information of the minor Plaintiff, photographs of the injuries sustained and medical records, which Plaintiff wishes to keep private and not to be publicly disclosed." (Doc. No. 55 at 2.) In addition, Plaintiff emphasizes that these documents "were not filed publicly with the Butte County Superior Court" because "the interest in protecting Plaintiff's privacy outweighs the interests in public disclosure." (Doc. No. 55 at 2.)

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents supporting a motion for summary judgment where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to . . . justify sealing

3

court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Courts also find "compelling reasons" to justify sealing court records where a minor's privacy interests are at stake, including sealing information related to the minor's identity and the amounts of recovery in the settlement. *See Est. of Serna v. Cnty. of San Diego*, No. 20-cv-2096-BAS-DDL, 2024 WL 4152362, at *5 (S.D. Cal. Sept. 10, 2024) (granting a motion to seal the allocations of the settlement because the minor plaintiff's privacy interests "may be compromised due to the intense media attention on this case"); *Huff v. Thousandshores, Inc.*, No. 21-cv-02173-HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) ("The Court agrees that there are compelling reasons to seal the amount that the Minor will receive from the settlement agreement."); *Medina v. Cnty. of Monterey*, No. 24-cv-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) ("[C]ompelling reasons exist to seal settlement amounts in individual settlements, especially where those settlements involve minors.").

In addition, courts find "compelling reasons" exist to seal court records that contain medical information of a minor. *See Knupp v. Amazon.com Servs., LLC*, No. 1:23-cv-01112-KES-BAM, 2024 WL 4527358, at *2 (E.D. Cal. Oct. 18, 2024) (finding "compelling reasons to seal the Life Care Plan, which contains information concerning the minor's medical records, medical information, and medical treatment"); *Meyers v. Kaiser Found. Health Plan Inc.*, No. 17-cv-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) ("The Court agrees that compelling reasons exist to seal the personal and medical information of the minor in this case. This information is sealable because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature.'") (citation omitted).

Here, the court finds compelling reasons exist to justify the requested redactions because the designated portions of both documents contain identifying information of Plaintiff and detail the settlement amount and disbursement structure, and the attachments to the motion for approval of compromise contain voluminous medical records of Plaintiff. Thus, the court will grant

1 | Plaintiff's request to seal.

2 | Accordingly,

3 | 1. Plaintiff's request to seal (Doc. No. 55) is GRANTED;

4 | 2. Within fourteen (14) days from the date of this order, the parties shall file a renewed stipulation for dismissal of this action or other dispositional documents as appropriate under Federal Rule of Civil Procedure, and shall concurrently file as supporting documents: (i) the motion for approval of his compromise that he filed conditionally under seal in the Butte County Superior Court, and (ii) the Butte County Superior Court's January 27, 2025 order granting that motion, as follows:

   a. Plaintiff shall file redacted versions of: (i) the motion for approval of his compromise that he filed conditionally under seal in the Butte County Superior Court, and (ii) the Butte County Superior Court's January 27, 2025 order granting that motion; and

   b. Plaintiff shall send via email to ApprovedSealed@caed.uscourts.gov PDF copies of those documents—(i) the unredacted version of the motion for approval of his compromise that he filed conditionally under seal in the Butte County Superior Court, and (ii) the unredacted version of the Butte County Superior Court's January 27, 2025 order granting that motion—for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated:  **April 9, 2025**

_____
Dena Coggins
United States District Judge